NOT RECOMMENDED FOR PUBLICATION
File Name: 26a0117n.06

Case No. 25-5744

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| DANIEL WESTERLING, Individually and on behalf of similarly situated persons, | ) ) ) | **FILED** Mar 10, 2026 KELLY L. STEPHENS, Clerk |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE |
| EAST TENNESSEE CHILDREN'S HOSPITAL ASSOCIATION, INC., | ) ) ) | |
| Defendant-Appellee. | ) ) ) | OPINION |

Before: BATCHELDER, THAPAR, and MATHIS, Circuit Judges.

**MATHIS, Circuit Judge.** Daniel Westerling previously worked as a security guard for East Tennessee Children's Hospital Association, Inc. ("Children's Hospital"). After having his meal periods automatically deducted from his paycheck, Westerling sued Children's Hospital, alleging that the hospital failed to pay him overtime in violation of the Fair Labor Standards Act ("FLSA"). The district court granted Children's Hospital's motion to dismiss the complaint and denied Westerling leave to amend his complaint. We affirm.

**I.**

Because the district court resolved this case at the motion-to-dismiss stage, we recite the facts as Westerling alleged them in the complaint. *See Savel v. MetroHealth Sys.*, 96 F.4th 932, 937 (6th Cir. 2024).

Children's Hospital is a medical center. For almost three years, the hospital employed Westerling as a security guard at one of its facilities, where he was paid as an hourly, non-exempt

employee. Although Westerling does not specify the scope of his work duties aside from monitoring his radio and remaining available to "respond if some event arose," he asserts that he often had to work during his meal period. R. 17, PageID 51. On the weeks when he worked 40 or more hours, Westerling maintains that he "was not completely relieved of his duties during his daily meal breaks[] and was unpaid for his 30 minute 'meal breaks' even though he did not receive bona fide meal break periods." *Id.*

Despite knowledge of this work, Children's Hospital allegedly maintained a policy of automatically deducting 30 minutes from its employees' paychecks for meal breaks. So Westerling filed a putative class action against Children's Hospital alleging violations of the FLSA.

After Westerling amended his complaint, Children's Hospital moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6). Westerling opposed the motion to dismiss and, in his response to the motion, requested leave to further amend his complaint if the district court was inclined to grant Children's Hospital's motion. The district court granted Children's Hospital's motion to dismiss. And the court denied Westerling leave to amend his complaint. Westerling timely appealed.

**II.**

Westerling contends that the district court erred in dismissing his FLSA overtime claim. "We review de novo a district court's grant of a motion to dismiss." *Sturgill v. Am. Red Cross*, 114 F.4th 803, 808 (6th Cir. 2024). Federal Rule of Civil Procedure 8 requires that a plaintiff's complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under this liberal pleading standard, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This occurs only "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* But "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint does not show that the plaintiff is entitled to relief. *Id.* at 679.

Congress passed the FLSA to "protect all covered workers from substandard wages and oppressive working hours." *Barrentine v. Ark.-Best Freight Sys., Inc.*, 450 U.S. 728, 739 (1981). Among other things, the Act requires employers to pay overtime compensation to covered employees who work more than 40 hours in a workweek. 29 U.S.C. § 207(a). "Work" is defined as "physical or mental exertion . . . controlled or required by the employer and pursued necessarily and primarily for the benefit of the employer and his business." *Integrity Staffing Sols., Inc. v. Busk*, 574 U.S. 27, 31 (2014) (quotation omitted). A "workweek" includes "all time during which an employee is necessarily required to be on the employer's premises, on duty or at a prescribed workplace." *Id.* (quotation omitted). To survive a motion to dismiss for a FLSA overtime claim, "a plaintiff must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of 40 hours." *Lundy v. Cath. Health Sys. of Long Island Inc.*, 711 F.3d 106, 114 (2d Cir. 2013).

We have recognized that time "designated as a lunch period" may be compensable under the FLSA if the time is "spent predominantly for the employer's benefit." *Ruffin v. MotorCity Casino*, 775 F.3d 807, 811 (6th Cir. 2015) (quotation omitted). "But as long as the employee can pursue his or her mealtime adequately and comfortably, is not engaged in the performance of any substantial duties, and does not spend time predominantly for the employer's benefit, the employee is relieved of duty and is not entitled to compensation under the FLSA." *Id.* (citation modified).

The complaint fails to plausibly state a FLSA overtime claim. In the complaint, Westerling alleges that, during meal breaks, he was required to monitor his radio and "respond if some event arose." R. 17, PageID 51. But "monitoring a radio [during a meal break], and being available to respond if called, . . . is not a substantial job duty." *Ruffin*, 775 F.3d at 812. It is thus not compensable. If Westerling's lunch breaks were frequently interrupted because he was responding to calls, that could be compensable. *See id.* at 812–13. But the complaint does not tell us that Westerling was frequently interrupted. Instead, it just makes the conclusory assertion that Westerling "was not completely relieved of his duties during his daily meal breaks" and that "he did not receive bona fide meal break periods." R. 17, PageID 51–52. The complaint must include more to cross the line from possibility to plausibility. *See Iqbal*, 556 U.S. at 678. Westerling needed to describe the work he did rather than assert the conclusion that he performed work. *Ruffin*, 775 F.3d at 811. He did not do so. As a result, the complaint fails to plead sufficient facts showing that his meal periods were compensable time under the FLSA.

Westerling insists that he has stated a FLSA claim if we "credit[] the general allegations regarding Defendant's employees to Plaintiff." D. 20 at p.15. But the complaint says as little about the work done by other Children's Hospital employees during meal breaks as it does about Westerling's work. So even if we could attribute allegations surrounding their work to Westerling, there would be little, if anything, to supplement.

**III.**

Westerling next argues that the district court erred by denying him leave to file a second amended complaint. We generally review a district court's denial of leave to amend a complaint for an abuse of discretion. *United States ex rel. Angelo v. Allstate Ins. Co.*, 106 F.4th 441, 453 (6th Cir. 2024). A district court does not abuse its discretion when denying leave to amend where

the plaintiff "neither moved formally to amend nor proffered a proposed amended complaint." *United States ex rel. Owsley v. Fazzi Assocs., Inc.*, 16 F.4th 192, 197 (6th Cir. 2021).

Westerling does not dispute that he did not seek leave to amend, nor did he supply the district court with a proposed amended complaint. The district court was thus within its discretion to deny Westerling leave to amend.

**IV.**

For these reasons, we **AFFIRM** the district court's judgment.